IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 1:16-mj-213 |
| v. | ) | |
| | ) | |
| MOHAMAD JAMAL KHWEIS | ) | |

GOVERNMENT'S MOTION FOR A
CIPA SECTION 3 PROTECTIVE ORDER

The United States of America hereby moves this Court, pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 95-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9); Federal Rules of Criminal Procedure 16(d) and 57; and the general supervisory authority of the Court, for the purpose of protecting the national security, to enter the attached Protective Order regarding the disclosure and dissemination of classified national security information and/or documents, and in support thereof states as follows:

1.  Defendant MOHAMAD JAMAL KHWEIS has been charged with providing, and conspiring to provide, material support to a designated foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant, in violation of 18 U.S.C. § 2339B.

2.  The United States believes there is classified information related to this case that may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. Thus, during the course of this prosecution, counsel for the defendant *may* be provided access to certain United States Government documents and information which may be classified at the "Confidential," "Secret," or "Top Secret" levels, and which may be subject to additional

restrictions on handling and dissemination within those levels.  "Top Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause exceptionally grave damage to the national security that the original classification authority is able to identify or describe; "Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause serious damage to the national security that the original classification authority is able to identify or describe; and "Confidential" information is information the unauthorized disclosure of which could be reasonably expected to cause damage to the national security that the original classification authority is able to identify or describe. *See* Exec. Order No. 13,526.

3. Executive Order 13526 sets forth the requirements for access to classified information and states that before such access is given, all persons must be cleared by the appropriate agency head or designee, and have a need-to-know.  Exec. Order No. 13,526 § 4.1(a)(1) & (3), 75 Fed. Reg. 707 (Jan. 5, 2010).  Unauthorized disclosure of classified information constitutes a violation of federal criminal law.  *See, e.g.,* 18 U.S.C. § 798 (prohibiting unauthorized disclosure of classified information).  Accordingly, this Court must establish procedures to ensure that there is no disclosure or dissemination of the classified documents or information in this case, except as provided by order of this Court.

4. Section 3 of CIPA provides that "[u]pon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district of the United States."  18 U.S.C. App. 3, § 3.  CIPA mandates issuance of a protective order upon motion of the United States.  *See United States v. Moussaoui*, 591 F.3d 263, 281 n.15 (4th Cir. 2010) ("The

Government's right to protect such information is absolute, and we do not second guess such determinations.").

5. The undersigned counsel for the Government, as well as the persons listed in Paragraph 10 of the proposed Protective Order, hold the appropriate security clearances issued by the United States Government and are authorized to have access to the classified information involved in this case. The persons listed in Paragraph 9 of the proposed Protective Order are United States Department of Justice Classified Information Security Officers who hold the appropriate security clearances issued by the United States Government and who also are authorized to have access to the classified information involved in this case.

6. CIPA provides procedures designed to protect the rights of a defendant while minimizing the associated harm to national security in cases where classified information may be relevant to the criminal proceedings. *See e.g., United States v. Abu Ali*, 528 F.3d 210, 245-46 (4th Cir. 2008). Section 3 of CIPA, as well as Rules 16(d)(1) and 57 of the Federal Rules of Criminal Procedure, authorize the Court to issue a protective order to prevent disclosure or dissemination of sensitive information that could compromise national security. The legislative history of CIPA reflects the type of protection that can be sought in a protective order to ensure that classified information is not improperly revealed and disseminated:

> The court is given authority to issue orders protecting against the disclosure of classified material in connection with the prosecution by the United States. . . . The details of each order are fashioned by the trial judge according to the circumstances of the particular case. The terms of the order may include, but need not be limited to, provisions: (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintaining of logs

>recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of Government storage facilities. Punishment for violation of a protective order would be a contempt of court.

S. Rep. No. 96-823, at 6, (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299.

7. Pursuant to this well-established authority, courts have repeatedly entered protective orders to protect the national security interests of the United States in criminal prosecutions involving classified information. *See, e.g., Abu Ali*, 528 F.3d at 250 (discussing protective order entered during CIPA phase of criminal prosecution). Indeed, the Fourth Circuit previously discussed the issuance of a protective order that restricted access to classified information to persons with necessary security clearances, including defense counsel. *Moussaoui*, 591 F.3d at 267.

8. Counsel for the defendant have notified undersigned counsel that they are in agreement with entry of the proposed order.

4

WHEREFORE, the Government respectfully moves that the Court issue the attached Protective Order.

                              Respectfully submitted,

                              Dana J. Boente
                              United States Attorney

By:          /s/
                              Dennis M. Fitzpatrick
                              Assistant United States Attorney
                              2100 Jamieson Avenue
                              Alexandria, VA 22314
                              United States Attorney's Office
                              Phone:  (703) 299-3954
                              Email:  dennis.fitzpatrick@usdoj.gov

                              Raj Parekh
                              Trial Attorney, Counterterrorism Section
                              United States Department of Justice
                              National Security Division
                              950 Pennsylvania Avenue, N.W.
                              Washington, D.C. 20530
                              Phone:  (202) 616-2428
                              Email:  raj.parekh@usdoj.gov

Certificate of Service

I hereby certify that on July 6, 2016, I electronically filed the foregoing Government's Motion For a CIPA Section 3 Protective Order, Proposed Protective Order, and Memorandum of Understanding, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                                    /s/
                                       Dennis M. Fitzpatrick
Assistant United States Attorney
Virginia Bar No. 44858
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700 (telephone)
(703) 837-8242 (fax)
dennis.fitzpatrick@usdoj.gov