## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:16-cr-143 |
| | ) | |
| MOHAMAD JAMAL KHWEIS, | ) | |
| | ) | |
| *Defendant.* | ) | |

### ORDER

The Government has recently produced eleven documents under seal for the Court's

review *in camera*, asking that the Court determine whether certain redacted information must be

disclosed and produced. In each of the documents, certain classified information has been

redacted by removing identifying information such as names and locations, and the documents

have then been unclassified. The Government asks the Court to determine whether the

remaining redacted information should be produced even though protected by the attorney-client

privilege. The Government makes this request because the Court has received an *ex parte* under

seal submission by the Defendant that provides information that will enable the Court to better

judge the relevance and materiality of information such as that subject to this Government

request. The Court is bound by the following law in making such a review.

The Supreme Court has held that unless a privilege expressly prevents all disclosure in

criminal prosecutions a court may require the disclosure of the privileged documents to the

defendant to satisfy the obligations of *Brady v. Maryland*, 373 U.S. 83 (1963). *See Pennsylvania*

*v. Ritchie*, 480 U.S. 39, 57–58 (1987) (finding that a Pennsylvania privilege statute which

provided for disclosure under limited circumstances did not foreclose disclosure under *Brady*

where the court determined that the information was material); *see also United States v. Nixon*, 418 U.S. 683, 713 (1974) ("We conclude that when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice. The generalized assertion of privilege must yield to the demonstrated, specific need for evidence in a pending criminal trial."). The attorney-client privilege is subject to limitations and its application is not absolute. *Fisher v. United States*, 425 U.S. 391, 404 (1976) ("Since the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures - necessary to obtain informed legal advice - which might not have been made absent the privilege."). Accordingly, the attorney-client privilege does not supersede the obligation to disclose material information pursuant to *Brady*.

Based on the *in camera* review, the Court finds that the information redacted as attorney-client privileged, although in many cases partially duplicative, may contain information that is material to the defense of the Defendant and therefore must be produced.

March 10, 2017
Alexandria, VA

/s/
Liam O'Grady
United States District Judge