IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No.: 1:16-CR-143 |
| ) | |
| MOHAMAD JAMAL KHWEIS,  ) | |
| ) | |
| Defendant.  ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S THIRD FILING UNDER SECTION 5 OF CIPA

The United States of America, by and through undersigned counsel, hereby files this unclassified response in opposition to Defendant Mohamad Khweis's classified April 18, 2017 Third Filing pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III.  For the reasons explained below, the United States respectfully asks that the Court deny the defendant's requests for two reasons: (1) the defendant is unable to meet his burden to show how any of the classified information requested, even if declassified, would be admissible at trial; and (2) the defendant's filing is insufficient under CIPA Section 5(a) given that the notice is not particularized and fails to set forth, with specificity, the classified information which the defendant reasonably believes to be necessary to his defense.1

---

1 Should the Court decide that it is necessary to hold a hearing on this matter, the government believes that such a hearing can be held in open court at an unclassified level, with the defendant present, given the legal arguments addressed below.  However, if the Court is inclined to allow the defense to use the classified information at issue, the government respectfully requests an opportunity to invoke CIPA § 6 and file a classified response requesting an *in camera* hearing before the Court issues any orders regarding this matter.  Section 6(a) requires that any such hearing shall be held *in camera* if the Attorney General (or his/her designee pursuant to Section 14) certifies to the court in a petition that a public proceeding may result in the disclosure of

## I.     Relevant Background Regarding CIPA

CIPA provides various procedures that must be used during the course of a criminal prosecution that involves classified information, including a procedure outlined in Section 6 by which the Court may make a pretrial ruling on the use, relevance, and admissibility of classified information at trial or pretrial proceedings.  *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989).  CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence.  *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *accord United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc).  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363-64 (11th Cir. 1994); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).  Accordingly, CIPA does not provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  *See Baptista-Rodriguez*, 17 F.3d at 1364; *Smith*, 780 F.2d at 1106.

## II.     The Defendant's Requests Pursuant to CIPA Section 5 Should be Denied

The defendant's notice asserts that the defense reasonably expects to disclose all classified information (excluding two limited categories of information that are noted in the

---

classified information.  In determining the "use, relevance, or admissibility" of classified information under Section 6(a), the Fourth Circuit has stated that "A district court may order disclosure only when the information is at least 'essential to the defense,' [or] 'necessary to the defense,' and neither merely cumulative nor corroborative, nor speculative." *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (en banc) (internal citations omitted).

defense's classified filing) relating to 12 FBI 302 reports authored by then-FBI Assistant Legal Attaché Michael Connelly ("Agent Connelly") in connection with overseas intelligence-gathering interviews that were conducted in March and April 2016 while the defendant was held in Kurdish custody in Erbil, Iraq.[2] All of these reports were produced to cleared defense counsel in classified discovery on January 12, 2017. The reports were produced in their entirety, not because they are admissible evidence, but because they contain the statements of the defendant. However, that does not mean the statements contained in the reports necessarily come into evidence, even if declassified. Far from it, the statements must meet independent standards of relevance and admissibility, and it is the defendant's burden to make that showing. *See United States v. Miller*, 874 F.2d 1255, 1277 (9th Cir. 1989) (under CIPA the burden of showing admissibility remained with the defendant). The defendant's Section 5 notice fails to establish a basis for admissibility of any of the noticed information. Moreover, the defendant's notice is insufficient under well-established case law interpreting Section 5's particularity requirements.

    **A. The Defendant's Statements Contained in the FBI Intelligence-Gathering Interview Reports are Inadmissible at Trial**

The government opposes the use and admissibility at trial of the defendant's statements to Agent Connelly. The defendant was interviewed for intelligence-gathering purposes 11 times by United States government personnel between March 15, 2016 and April 10, 2016 while he was in Kurdish custody. All of the intelligence-gathering sessions were focused on topics consistent with national security priorities. Specifically, the overriding purpose of those interviews was on obtaining information about threat streams, possible imminent attacks, and

---

[2] The dates of when the intelligence-gathering interviews were conducted are not classified, as indicated in Agent Connelly's testimony during the April 12-13, 2017 suppression hearing.

other topics that would assist the United States and its foreign partners in disrupting terrorist attacks.

Given that the defendant's statements during his interviews with Agent Connelly were un-*Mirandized* and elicited for intelligence-gathering purposes only, it is axiomatic that the government is not entitled to elicit them in its case-in-chief at trial. Similarly, it is well-established that a defendant may not introduce his own out-of-court statements for the truth of the matter asserted. *See, e.g.*, *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the defendant could not introduce his own out-of-court statements, because the Rules of Evidence "do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *United States v. Marin*, 669 F.2d 73,84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); *United States v. Palow*, 777 F.2d 52,56 (1st Cir. 1985) ("The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them."). As the courts have recognized, if such statements were deemed admissible under the Rules of Evidence, "parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citation omitted).

The Fourth Circuit directly addressed this issue in *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). In that case, the Court upheld the district court's decision to preclude the defendant in a bank robbery prosecution from eliciting, through cross-examination of an FBI agent, his own out-of-court statements explaining his innocent possession of money stolen from

4

a bank. After various banks were robbed, agents interviewed the defendant, who offered agents an alibi for each robbery. *Id.* at 694. Agents then searched the defendant's car and located bills that bore serial numbers of the money stolen from the bank. *Id.* At trial, the district court precluded the defendant from eliciting his exculpatory statements explaining how he acquired the stolen money. *Id.* at 696. The Fourth Circuit upheld the exclusion, reasoning that the rules do not "provide an exception [to the hearsay rule] for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* The Court concluded that, "because the exculpatory statement in question here was pure hearsay and no exception enumerated in the rules permit its introduction, the trial judge did not abuse his discretion in prohibiting its admission." *Id.*

Nor may the defendant seek to introduce his own statements under a "rule of completeness" theory. *See* FED. R. EVID. 106. Rule 106 simply does not provide a basis for the defendant's independent introduction of his own statements not offered by the government. The Fourth Circuit has made clear that the rule of completeness may not be used to admit "self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008); *see also Wilkerson*, 84 F.3d at 696 (explaining that Rule 106 does not "render admissible the evidence which is otherwise inadmissible under the hearsay rules"). Moreover, the Fourth Circuit has repeatedly held that the "rule of completeness" does not apply to oral statements. As the Court stated in *Wilkerson*, "[t]he common law doctrine of completeness has been partially codified in Rule 106 of the Federal Rules of Evidence. The rule applies only to writings or recorded statements, **not to conversations**." 84 F.3d at 696 (citations omitted) (emphasis added). *See also United States*

*v. Smith*, 43 Fed. Appx. 529, 531 (4th Cir. 2002) (rule of completeness inapplicable to defendant's oral statement to an FBI agent).

In sum, the defendant's request is no more than a veiled attempt to cloak his self-serving statements in the guise of admissible evidence. Under controlling Fourth Circuit precedent, if the defendant wishes to introduce his own prior statements to Agent Connelly, he must testify and allow himself to be cross-examined. Agent Connelly's reports constitute inadmissible hearsay at trial, and as such, the government sees no reason to act upon the defendant's request.

### B. The Defendant's April 18, 2017 Section 5 Notice is Insufficient

In addition to the fact that the defendant's statements to Agent Connelly are clearly inadmissible in the defense's case at trial, the defendant's April 18, 2017 filing is insufficient under CIPA Section 5(a) given that the notice is not particularized and fails to set forth, with specificity, the classified information which the defendant reasonably believes to be necessary to his defense.

A linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the Court and the government. The leading case under Section 5(a) holds that such notice "must be **particularized,** setting forth **specifically** the classified information which the defendant reasonably believes to be necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); *see also Yunis*, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused' "); *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (en banc). This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. *See*, *e.g.*, *United States v. Wilson*,

6

750 F.2d 7 (2d Cir. 1984); *Collins*, 720 F.2d 1195 (11th Cir. 1983). If a defendant attempts to disclose at trial classified information which is *not* described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. *See Smith*, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice").

Here, rather than specifying which sentences or portions of Agent Connelly's intelligence-gathering reports the defense intends to use, the defendant's notice essentially provides a general statement requesting to use classified information from "[a]ll FBI 302 Reports from Mr. Khweis's interviews" with Agent Connelly. The fact that the defendant lists the dates of those reports and excludes two limited categories of information that he is not seeking to use does not cure its insufficiency under Section 5. As noted by the Fourth Circuit, "[t]he notice must specifically set out the classified information the defendant believes he will rely upon in his defense. **A general statement of the areas the evidence will cover is insufficient.**" *Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (emphasis added); *see also Collins*, 720 F.2d at 1199-1200 ("The court must not countenance a Section 5(a) notice which allows a defendant to cloak his intentions and leave the government subject to surprise at what may be revealed in the defense."). However, even assuming, *arguendo*, that the defense submits a revised Section 5 notice specifying precisely which portions of the classified intelligence-gathering reports it intends to use at trial, the statements contained in those reports constitute inadmissible self-serving hearsay for the reasons set forth above.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's requests that were made in his insufficient April 18, 2017 CIPA Section 5 notice.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/
Raj Parekh, Trial Attorney
U.S. Department of Justice
Counterterrorism Section
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Phone: (202) 616-2428
raj.parekh@usdoj.gov

By: /s/
Dennis M. Fitzpatrick
Assistant U.S. Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
dennis.fitzpatrick@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 28, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to all counsel of record in this matter.

                                          By:           /s/
                                                     Raj Parekh
                                                     Special Assistant United States Attorney
                                                     Attorney for the United States
                                                     United States Attorney's Office
                                                     2100 Jamieson Avenue
                                                     Alexandria, VA  22314
                                                     (703) 299-3700 (telephone)
                                                     (703) 837-8242 (fax)
                                                     raj.parekh@usdoj.gov