IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:16cr143 |
| | ) | |
| MOHAMAD JAMAL KHWEIS, | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, by undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury. The defendant also asks for leave to propose additional instructions during the course of the trial as they are indicated.

Respectfully submitted,
MOHAMAD KHWEIS

By Counsel

/s/
Jessica N. Carmichael, Esq.
Virginia Bar No. 78339
HARRIS, CARMICHAEL, & ELLIS, PLLC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
(703) 684-7908
jcarmichael@harriscarmichael.com

/s/
John K. Zwerling, Esq.
Virginia Bar No. 8201
ZWERLING/CITRONBERG, PLLC
114 N. Alfred Street
Alexandria, VA 22314
703-684-8000
jz@zwerling.com

**CERTIFICATE OF SERVICE**

I, hereby certify, that on the 23rd day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:

Dennis Fitzpatrick, Esq.
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700
Email: dennis.fitzpatrick@usdoj.gov

Raj Parekh, Esq.
US Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: raj.parekh@usdoj.gov

Colleen Garcia, Esq.
US Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: colleen.e.garcia@usdoj.gov

_____/s/_____
Jessica N. Carmichael, Esq.

## JURY INSTRUCTION INDEX
## United States v. Mohamad Khweis
## Criminal No. 1:16cr143

| No. | Description | Authority |
|---|---|---|
| 1 | Objections and Rulings | 1A O'Malley, *et. al., Federal Jury Practice and Instructions ("FJPI"):* Criminal §11:03 (6th ed. 2008) |
| 2 | Court's questions to witnesses | 1A O'Malley, *et al., FJPI:* Criminal §11:05 (6th ed. 2008) |
| 3 | Judging the evidence | 1A O'Malley, *et al., FJPI:* Criminal §12:02 (6th ed. 2008) |
| 4 | Jury's Recollection Controls | 1A O'Malley, *et al., FJPI:* Criminal §12:07 (6th ed. 2008) |
| 5 | The Question is not Evidence | 1A O'Malley, *et al., FJPI:* Criminal §12:08 (6th ed. 2008) |
| 6 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, *et al., FJPI:* Criminal §12:10 (6th ed. 2008) |
| 7 | The Indictment is Not Evidence | 1A O'Malley, *et al., FJPI:* Criminal §13:04 (6th ed. 2008) |
| 8 | Expert Witness | 1A O'Malley, *et al., FJPI:* Criminal §14:01 (6th ed. 2008) |
| 9 | Tape Recordings and Typewritten Transcripts | 1A O'Malley, *et al., FJPI:* Criminal §14:09 (6th ed. 2008) |
| 10 | Credibility of Witnesses-Generally | 1A O'Malley, *et al., FJPI:* Criminal §15:01 (6th ed. 2008) |
| 11 | Law enforcement or military witness | 1-7 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-16 (modified, only to add reference to military officials) |
| 12 | Credibility of Witnesses – Inconsistent Statements | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15.06 (2000) |
| 13 | Credibility – cooperating witness | Model Crim. Jury Instr. 8th Cir. § 4.05B (2014) |
| 14 | Statements of the Defendant | 1-5 Modern Federal Jury Instructions-Criminal P 5.07, Instruction 5-19 (discussing authority and pattern instruction from five circuits) |
| 15 | Defendant as a Witness | 1A Federal Jury Practice and Instructions §15.12 (5th ed. 2000) |
| 16 | Mere Presence | O'Malley, Grenig & Lee, Federal Jury Practice and Instruction, § 16.09 (2000) |
| 17 | Number of Witnesses | *See* Sand, *et.al., Modern Federal Jury Instructions*, Instruction 4-3 (2001 ed.)(modified) |
| 18 | Summary Charts | Horn, III, Carl. Horn's Federal Criminal |

| | | Jury Instructions for the Fourth Circuit. Instruction 3.06. 2008 Ed. (Modified) |
|---|---|---|
| 19 | Count One: First Element (conspiracy) Explained | Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 2.51. 2008 Ed. |
| 20 | Conspiracy – The Existence of an Agreement | 2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, section 31.04 (6th ed. 2008) (modified); *United States v. Anderson*, 611 F.2d 504, 511 (4th Cir.1979). |
| 21 | Conspiracy – Membership of an Agreement | 1A O'Malley, *et al., FJPI:* Criminal §31:05 (6th ed. 2008) |
| 22 | Acts and Declarations of Co-Conspirators | 1A O'Malley, *et al., FJPI:* Criminal §31:06 (6th ed. 2008) |
| 23 | Affirmative Defense of Withdrawal | 2 O'Malley, Grenig and Lee, Federal Jury Practice and Instruction, Section 31:11 (6th ed., 2008). |
| 24 | Count One: Second Element Explained | 18 U.S.C. § 2339A(b). |
| 25 | Counts One and Two – to a Foreign Terrorist Organization | *United States v. Chandia*, 514 F.3d 365, 372 (4th Cir. 2008); *United States v. Taleb-Jedi*, 566 F. Supp. 2d 157, 184 (E.D.N.Y. 2008); *United States v. Warsame*, 537 F. Supp. 2d 1055, 1022 (D. Minn. 2008); *United States v. Paracha*, 2006 WL 12768, *29-30 (S.D.N.Y. 2006) |
| 26 | Other Related Definitions – Personnel | 18 U.S.C. § 2339B(h); *United States v. Lindh*, 212 F. Supp. 2d 541, 574 (E. D. Va. 2002); *United States v. Warsame*, 537 F. Supp. 2d 1005, 1018 (D. Minn. 2008). |
| 27 | Other Related Definitions – Services | *Humanitarian Law Project*, 561 U.S. 1 at 24 (citing Webster's Third New International Dictionary 2075 (1993)); *see also Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) |
| 28 | The Statute and Essential Elements of the Offense Charged – Count Three | See Ninth Circuit Model Jury Instructions, Instruction No. 8.65 (Criminal 2000) |

DEFENDANT'S JURY INSTRUCTION NO. 1

## Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney to each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §11:03 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 2

**Court's Questions to Witnesses**

During the course of a trial, I may occasionally ask questions of a witness.  Do not

assume that I hold any opinion on the matters to which my questions may relate.  The Court may

ask a questions simply to clarify a matter – not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §11:05 (6th ed.
2008)

DEFENDANT'S JURY INSTRUCTION NO. 3

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilty beyond a reasonable doubt is always with the government.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §12:02 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 4

**Jury's Recollection Controls**

If any reference by the Court or by counsel to matters or testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court of counsel.

You are the sole judge of the evidence received in this case.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §12:07 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 5

**The Question is not Evidence**

The questions asked by a lawyer for either party to this case are not evidence. Therefore, if a lawyer asks a question of a witness which contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact, only the answers are evidence.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §12:08 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 6

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him. The indictment is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the Government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant no guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §12:10 (6th ed. 2008) (modified to conform with 4th Circuit law regarding definitions of reasonable doubt).

DEFENDANT'S JURY INSTRUCTION NO. 7

**The Indictment is Not Evidence**

An indictment is but a formal method use by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has plead "not guilty" to this indictment and, therefore, denies that he is guilty of the charge.

AUTHORITY: 1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §13:04 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 8

### *Expert Witnesses*

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion is outweighed by other evidence including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

You—the jury— are the sole judges of the facts of this case.

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 14.01 (5th Edition, West 2000).

### *Transcripts of Recordings*

The Parties have submitted typewritten transcripts of certain tape recordings which have been admitted into evidence. The transcripts are intended as an aid to identify who was speaking and what was said.

*Because some of the tape recordings were in Arabic, the transcripts are also a translation from the original language in which the parties spoke to English.*

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine. You should make this determination, without prejudice or bias, based on the testimony regarding preparation of the transcript, your own comparison of the transcript to what you hear or heard on the tapes, and any other relevant evidence or testimony.

Should you determine that the transcript is incorrect or inaccurate in any respect, yous hould disregard it to that extent.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 3.05. 2008 Ed.

DEFENDANT'S JURY INSTRUCTION NO. 10

### *Credibility of Witnesses - Generally*

You, as jurors, are the sole and exclusive judges of this credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or he has testified and consider whether he or he impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 15.01 (5th ed. 2000)

DEFENDANT'S JURY INSTRUCTION NO. 11

**Law Enforcement or Military Witness**

You have heard the testimony of law enforcement officials and United States military personnel. The fact that a witness may be employed by the federal government as a law enforcement or military official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement or military witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement and military witnesses and to give to that testimony whatever weight, if any, you find it deserves.

1-7 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-16 (modified, only to add reference to military officials)

DEFENDANT'S JURY INSTRUCTION NO. 12

**Credibility of Witnesses - Inconsistent Statements**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statement are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15.06 (2000).

### *Credibility – Cooperating witness [if necessary]*

*You have heard evidence that _____ hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the government in this case. _____ entered into an agreement with the prosecution which provides that in return for his assistance, the prosecution will recommend a less severe sentence which could be less than the mandatory minimum sentence for the crimes with which he is charged.*

*_____ is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length.*

*If the prosecutor handling this witness' case believes he provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce his sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the prosecution, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the prosecution, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.*

*You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide.*

*Model Crim. Jury Instr. 8th Cir. § 4.05B (2014)*

DEFENDANT'S JURY INSTRUCTION NO. 14

**Statements of Defendant**

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

1-5 Modern Federal Jury Instructions-Criminal P 5.07, Instruction 5-19 (discussing authority and pattern instruction from five circuits).
As to final paragraph, see *Smith v. United States*, 348 U.S. 147, 152 (1954); *Opper v. United States*, 348 U.S. 84, 89 (1954); *United States v. Abu Ali*, 523 F.3d 210, 234 (4th Cir. 2008); *United States v. Jones*, 232 F. Supp.2d 618, 620-21 (E.D. Va. 2002)

**Defendant as a Witness**

You should judge the testimony of Mr. Khweis in the same manner as you judge the testimony of any other witness in this case.

1A Federal Jury Practice and Instructions §15.12 (5th ed. 2000) (verbatim).

**[Alternatively: If Defendant Does Not Testify]**

Effect of Mr. Khweis' Failure to Testify

Mr. Khweis, in a criminal case has the absolute right under our Constitution not to testify. The fact that Mr. Khweis did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A Federal Jury Practice and Instructions § 15.14 (5th ed. 2000)

**Mere Presence**

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that a defendant has committed that crime.

In order to find the defendant guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crime, the defendant knowingly and deliberately associated himself with the crime charged in some way as a participant - someone who wanted the crime to be committed - not as a mere spectator.

O'Malley, Grenig & Lee, Federal Jury Practice and Instruction, § 16.09 (2000).

DEFENDANT'S JURY INSTRUCTION NO. 17

## Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experience.

You should keep in mind that the burden of proof is always on the government and Mr. Khweis is not required to call any witnesses or offer any evidence since he is presumed to be innocent.

*See* Sand, *et.al.*, *Modern Federal Jury Instructions*, Instruction 4-3 (2001 ed.)(modified).

## Summary Charts

Parties may rely on "summary charts," that is, it is a chart which seeks to simplify or summarize the evidence relevant to these charges.

To the extent a summary chart describes physical evidence or documents, you have a right to inspect the underlying evidence, that is, you may inspect the actual evidence being summarized.

If you wish to conduct such an inspection during your deliberations, please feel free to ask for it. You are specifically instructed that whether the summary chart correctly or incorrectly summarizes the underlying evidence is for you to determine The summary chart is not itself independent evidence of anything.

Should you decide that the summary chart is incorrect or inaccurate in any respect, you should disregard it to that extent.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 3.06. 2008 Ed. (Modified).

DEFENDANT'S JURY INSTRUCTION NO. 19

**Count One: First Element (Conspiracy) Explained**

The First element of Count One is that the defendant knowingly, willfully, and intentionally entered into a conspiracy. A conspiracy as defined as having three separate elements. To find for the Government on this element, the Government must prove four elements beyond a reasonable doubt:

(1) First, that there was an agreement between two or more persons to violate the federal criminal law;

(2) Second, that Defendant knew of the conspiracy; and

(3) Third, that Defendant knowingly and voluntarily became a part of the conspiracy.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 2.51. 2008 Ed.

DEFENDANT'S JURY INSTRUCTION NO. 20

**Conspiracy--Existence of an Agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime. A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant knowingly and deliberately arrived at an agreement or understanding with at least one other person that they would violate some specified laws by means of some common plan or course of action as alleged in Count One of the Second Superseding Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy. To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding

To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the Second Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Second Superseding Indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant.

2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, section 31.04 (6th ed. 2008) (modified); *United States v. Anderson*, 611 F.2d 504, 511 (4th Cir.1979).

**Conspiracy – Membership in an Agreement**

Before the jury may find that Mr. Khweis, or any other person, became a member of the conspiracy charged in count one o the indictment, the evidence in the case must show beyond a reasonable doubt that Mr. Khweis new the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even know about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §31:05 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 22

**Acts and Declarations of Co-Conspirators**

Evidence has been received in this case that certain persons who are alleged in count one of the indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal.

Such acts and statement of these other individuals may be considered by you in determining whether or not the government has proven the charge in count one of the indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

1A O'Malley, *et al., Federal Jury Practice Instructions:* Criminal §31:06 (6th ed. 2008)

DEFENDANT'S JURY INSTRUCTION NO. 23

**The Affirmative Defense Of Withdraw**

Once a conspiracy is established it is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it.

A mere cessation of activity in furtherance of the conspiracy is insufficient. The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators.

In order to withdraw from the conspiracy the defendant must take some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy.

In deciding if Mr. Khweis took a step to disavow or defeat the conspiracy, you may consider several factors including whether he intentionally alerted law enforcement to the conspiracy, whether he told others in the conspiracy that his participation had ended, whether Mr. Khweis took steps to correct prior assistance to the group, and whether he attempted to remedy any past act or attempted to prevent any further progress of the conspiracy.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.11 (5th ed. 2000); United States v. Allmendinger, Nos. 3:10cr248-01, 3:10cr248-02, 2011 U.S. Dist. LEXIS 23142, at *7-8 (E.D. Va. Mar. 7, 2011) (internal citations omitted).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

## Count One: Second Element Explained

The Second Element that the Government must prove beyond a reasonable doubt to establish Count One of the Second Superseding Indictment is that the purpose of the conspiracy was to knowingly, willfully and intentionally provide material support and resources as defined below.

"Material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials;

"Training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge; and

"Expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

18 U.S.C. § 2339A(b).

30

**Counts One and Two – to a Foreign Terrorist Organization**

A conviction under the statute requires proof that the defendant provided, or conspired to provide, material support to an organization designated as a foreign terrorist organization. It is insufficient for a conviction to provide material support to an individual who happens to be a member of a terrorist organization because § 2339B requires that a defendant must knowingly provide material support or resources to a foreign terrorist organization. This is true even if the defendant knows the person is a member of the terrorist organization. Providing material support to a person knowing that the person is a member of a foreign terrorist organization, standing alone does not fall within the statute.

*United States v. Chandia*, 514 F.3d 365, 372 (4th Cir. 2008); *United States v. Taleb-Jedi*, 566 F. Supp. 2d 157, 184 (E.D.N.Y. 2008); *United States v. Warsame*, 537 F. Supp. 2d 1055, 1022 (D. Minn. 2008); *United States v. Paracha*, 2006 WL 12768, *29-30 (S.D.N.Y. 2006).

**Definition of Other Related Terms - Personnel**

*Personnel*- 18 U.S.C. § 2339B(h) defines "personnel" as knowingly providing a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization.

If you find that a defendant communicated with others in a terrorist group, or took an oath of allegiance to the foreign terrorist organization, that does not suffice as providing "personnel" to a foreign terrorist organization, unless the defendant did so at the direction or control of the organization. Providing "personnel" to a foreign terrorist organization means that the persons provided to the foreign terrorist organization work under the direction and control of that organization. One who is merely present with other members of the organization, but is not under the organization's direction and control, is not part of the organization's "personnel." The term "personnel" does not extend to independent actors. Rather, it describes employees or employee-like operatives who serve the designated group and work at its command.

18 U.S.C. § 2339B(h); *United States v. Lindh*, 212 F. Supp. 2d 541, 574 (E. D. Va. 2002); *United States v. Warsame*, 537 F. Supp. 2d 1005, 1018 (D. Minn. 2008).

DEFENDANT'S JURY INTRUCTION NO. 27

**Definition of Other Related Terms - Services**

"Service" under 18 U.S.C. § 2339B means concerted activity, not independent advocacy.

"Service" means the performance of work commanded or paid for by another, or an act done for the benefit or at the command of another. There must be a connection between the service and the foreign terrorist organization group.

*Humanitarian Law Project*, 561 U.S. 1 at 24 (citing Webster's Third New International Dictionary 2075 (1993)); *see also Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011)

## Count Three: Statute and Elements

Section 924(c) of Title 18 of the United States Code reads in relevant part as follows:

> [A]ny person who, during and in relation to any crime of violence for which the person
>
> may be prosecuted in a court of the United States, in furtherance of such a crime,
>
> possesses a firearm, shall be punished.

For you to find Mr. Khweis guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

> First: That Mr. Khweis committed one or more of the crimes alleged in Counts One and Two of the Indictment.
>
> Second: That Mr. Khweis knowingly possessed a firearm; and
>
> Third: That Mr. Khweis knowingly possessed a firearm in furtherance of the alleged commission of the crimes charged in Counts One and Two of the Indictment.

*See* Ninth Circuit Model Jury Instructions, Instruction No. 8.65 (Criminal 2000)