IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1-16-CR-143 |
| v. | ) | |
| | ) | |
| MOHAMAD JAMAL KHWEIS, | ) | |
| | ) | |
| Defendant. | ) | Trial: May 30, 2017 |

**<u>PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES</u>**

The United States of America, by its representatives, Dana J. Boente, United States

Attorney for the Eastern District of Virginia, Dennis M. Fitzpatrick, Assistant United States

Attorney for the Eastern District of Virginia, and Raj Parekh, Trial Attorney, National Security

Division, United States Department of Justice, requests that the following substantive

instructions be read to the Jury prior to deliberation.

1.      Introduction to the Final Charge – Province of the Court and of the Jury

2.      Court's Comments on Certain Evidence

3.      Court's Questions to Witnesses

4.      Court's Comments to Counsel

5.      Objections and Rulings

6.      Evidence Received in the Case – Stipulations, Judicial Notice and Inferences
        Permitted

7.      Inferences from the Evidence

8.      The Superseding Indictment is Not  Evidence

9.      Presumption of Innocence, Burden of Proof – Reasonable Doubt

10.     Consider Only the Offense Charged

11.        Judging the Evidence

12.        Direct and Circumstantial Evidence

13.        Jury's Recollection Controls

14.        Credibility of Witnesses - Generally

15.        Opinion Evidence – The Expert Witness

16.        Number of Witnesses Called is Not Controlling

17.        Demonstrative Exhibits Not Received in Evidence

18.        Failure of the Defendant to Testify/Testimony of the Defendant

19.        Credibility of Witnesses – The Defendant as a Witness

20.        "In or About" and "On or About" – Explained

21.        "Knowingly" – Defined

22.        Proof of Knowledge or Intent

23.        Conspiracy – Existence of Agreement

24.        Conspiracy - Membership in an Agreement

25.        Success of Conspiracy Immaterial

26.        Pleading Conjunctive; Proving Disjunctive

27.        Nature of the Offense - Count One

28.        Statute Defining Offenses In Counts One and Two

29.        Elements of Offense - Count One

30.        "Provide" Defined

31.        Designated Foreign Terrorist Organization; Terrorist Activity; Terrosism

32.        Material Support or Resources Defined

33.        "Personnel" Defined

34.        Nature of the Offense - Count Two

35.        Elements of Offense - Count Two

36.        Nature of the Offense - Count Three

37.        Statute Defining Offense - Count Three

38.        Elements of Offense - Count Three

39.        Verdict - Election of Foreperson - Duty to Deliberate - Unanimity -
           Punishment- Form of Verdict - Communication With the Court

           Verdict Form

INSTRUCTION NO. 1

Introduction to the Final Charge – Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Superseding Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.01 (5th ed. 2000).

INSTRUCTION NO. 2

Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions,* Section 11.06 (5th ed. 2000)).

INSTRUCTION NO. 3

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter--not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.05 (5th ed. 2000).

INSTRUCTION NO. 4

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.04 (5th ed. 2000).

INSTRUCTION NO. 5

Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 11.03 (5th ed. 2000).

INSTRUCTION NO. 6

Evidence Received in the Case –
Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses-- regardless of who may have called them--all exhibits received in evidence-- regardless of who may have produced them--all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel

are justified in the light of your experience and common sense.

 

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.03 (5th ed. 2000), modified in part, to correct misstatements in publication that the jury is "**not required to**" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 5-6 (2001) (Stipulation of Facts).

INSTRUCTION NO. 7

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.05 (5th ed. 2000).

INSTRUCTION NO. 8

The Superseding Indictment is Not Evidence

A Superseding Indictment is but a formal method used by the government to accuse a defendant of a crime or crimes.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this Superseding Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this Superseding Indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 13.04 (5th ed. 2000).

INSTRUCTION NO. 9

Presumption of Innocence, Burden of Proof – Reasonable Doubt

I instruct you that the law presumes a defendant to be innocent of the crime charged. Thus the defendant, although accused of a crime in the Superseding Indictment, begins the trial with a "clean slate" - with no evidence against him. The Superseding Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, it must acquit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 12.10 (5th ed. 2000); *United States v. Walton*, 207 F.3d 694, 693-99 (4th Cir. 2000); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999); *United States v. Abbas*, 74 F.3d 506, 514 (4th Cir. 1996); *United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994); *United States v. Adkins*, 937 F.2d 947, 950 (4th Cir. 1991).

INSTRUCTION NO. 10

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the

Superseding Indictment.

(1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.09 (5th ed. 2000).

INSTRUCTION NO. 11

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.02 (5th ed. 2000).

INSTRUCTION NO. 12

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial-- direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, Section 12.04 (5th ed. 2004).

JURY INSTRUCTION NO. 13

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, Section 12.07 (5th ed. 2000).

INSTRUCTION NO. 14

Credibility of Witnesses - Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it. In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness,

you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charges beyond

a reasonable doubt.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, Section 15.01 (5th ed. 2000).

INSTRUCTION NO. 15

Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety. You – the jury – are the sole judges of the facts of this case.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 14.01 (5th ed. 2000).

INSTRUCTION NO. 16

Number of Witnesses Called is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 14.16 (5th ed. 2000).

INSTRUCTION NO. 17

<u>Demonstrative Exhibits Not Received in Evidence</u>

Certain demonstrative exhibits were shown to you to help explain the facts by other evidence that was admitted.  Those demonstrative exhibits are used for your convenience.  Those demonstrative exhibits are not themselves evidence or proof of any facts, so you will not have those particular exhibits during your deliberations.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:02 (6th ed. updated Feb. 2014); Federal Rule of Evidence 1006.

INSTRUCTION NO. 18

Failure of the Defendant to Testify/Testimony of the Defendant

(Part A below offered if the defendant does not testify.  Part B offered if the defendant does testify.)

A.

A defendant has the absolute right not to testify and the jury must not draw a presumption

of guilt or any inference against a defendant because he did not testify.

(Adapted from Federal Judicial Center Committee to Study Criminal Jury Instructions, Pattern Criminal Instructions, No. 22 (1982); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.14 (3rd Ed. 1977).)

B.

The law permits the defendant, if he so desires, to testify in his own behalf.  A defendant

who wishes to testify is a competent witness; and defendant's testimony is to be judged in the

same way as that of any other witness.

The testimony of a defendant is before you and you must determine to what extent you

believe it.  The vital interest of the defendant in the result of his case does not by itself

automatically mean that he has not told the truth.  Yet the defendant has an interest in the

outcome of this case greater than that of any other witness, and you may consider that interest in

weighing the credibility of his testimony.


Part B, as given, *United States v. Joseph Johnson*, 3:93CR19 (E.D. Va. Jan.7, 1994) (Spencer, J.). *Reagan v. United States*, 157 U.S. 301, 305 (1895) ("The fact that he is a defendant does not condemn him as unworthy of belief, but at the same time it creates an interest greater than that of any other witness, and to that extent affects the question of credibility.  It is, therefore, a matter properly to be suggested by the court to the jury."); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) ("It was not improper for the district court, in instructing the jury about defendant's credibility as a witness, to point out defendant's vital interest in the outcome of the case . . ."); *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981) (holding the charge that the defendant has a "very keen personal interest in the result of your verdict" to be

proper); *United States v. Anderson*, 642 F.2d 281, 286 (9th Cir. 1981) ("[I]t was proper to instruct the jury that, in considering the credibility of the defendant's testimony, it could take into consideration their interest in the outcome of the case . . ."); *United States v. Stout*, 601 F.2d 325, 329 (7th Cir. 1979), *cert. denied*, 444 U.S. 979 (1980) (holding instruction that jury should consider that the defendant had "a vital interest in the outcome of his trial" proper); *United States v. Vega*, 589 F.2d 1147, 1154 (2d Cir. 1978) (holding jury instruction to consider "deep personal interest" of testifying defendant in his case to be proper); *United States v. Ambrose*, 483 F.2d 742, 753 (6th Cir. 1973); *United States v. Hill*, 470 F.2d 361, 365 (2d Cir. 1972) ("[The defendant's] interest is a very special one and we adhere to that long line of cases which hold that it may be the subject of a specific instruction.").

INSTRUCTION NO. 19

Credibility of Witnesses – The Defendant as a Witness

You should judge the testimony of the defendant in the same manner as you judge the

testimony of any other witness in this case.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 15.12 (5th ed. 2000).

INSTRUCTION NO. 20

"In or About" and "On or About" – Explained

The Superseding Indictment charges that the offenses alleged were committed "in or about" or "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date range alleged in the Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 13.05 (5th ed. 2000).

JURY INSTRUCTION NO. 21

"Knowingly" – Defined

The term "knowingly," as used in the Superseding Indictment and in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 17.04 (5th ed. 2000).

INSTRUCTION NO. 22

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 17.07 (5th ed. 2000).

INSTRUCTION NO. 23

Conspiracy – Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The Government must prove that the defendant you are considering and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action as alleged in the Superseding Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the Government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the Government is not required to show that all of the people named in the Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Superseding Indictment.

Unless the Government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the conspiracy count.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:04 (6th ed. updated Feb. 2014); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996).

INSTRUCTION NO. 24

Conspiracy – Membership in an Agreement

Before the jury may find that a defendant, or any other person, became a member of the conspiracy charged in the Superseding Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant you are considering knowingly and deliberately entered into an agreement to commit the offense alleged in the Superseding Indictment, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not know all of his or her co-conspirators, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal, or had only a slight connection with the conspiracy is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

Adapted from 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:05 (6th ed. updated Feb. 2014); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *United States v. Burgos*, 94 F.3d 849, 859-62 (4th Cir. 1996); *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993).

INSTRUCTION NO. 25

Success of Conspiracy Immaterial

The Government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. updated Feb. 2014).

INSTRUCTION NO. 26

**(Pleading in the "Conjunctive" (and); Proving in the Disjunctive (or))**

Where a statute is worded in the disjunctive (*i.e.*, with the word "or"), federal pleading

requires the government to charge in the conjunctive (*i.e.*, with the word "and"). The district

court, however, can instruct the jury in the disjunctive (i.e., with the word "or").

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, Section VIII (Emily Deck Harririll, ed., 2015 Online Edition).  *United States v. Rhynes*, 206 F.3d 349, 384 (4th Cir. 1999), *overruled on other grounds*, 218 F.3d 310 (4th Cir. 2000) (*en banc*).

34

INSTRUCTION NO. 27

Nature of the Offense - Count One

Count One of the Superseding Indictment charges that:

Beginning in at least December 2015, and continuing thereafter up to and including March 14, 2016, in an offense committed outside the jurisdiction of any particular State or district of the United States, the defendant MOHAMAD JAMAL KHWEIS, a United States citizen who last resided in Fairfax County, Virginia, and who was first brought to and found in the Eastern District of Virginia, did knowingly conspire with others to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to wit, personnel and services, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the United States Secretary of State as a foreign terrorist organization, knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism.

(All in violation of Title 18, United States Code, Section 2339B.)

Superseding Indictment.

35

INSTRUCTION NO. 28

Statute Defining Offense - Counts One and Two

Title 18, United States Code, Section 2339B defines the offenses of Providing Material

Support or Resources to a Foreign Terrorist Organization.  The statute provides in pertinent part:

> "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned …. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined [by law]), or that the organization has engaged or engages in terrorism (as defined [by law])."

Title 18, United States Code, Section 2339B

36

INSTRUCTION NO. 29

Elements of the Offense – Count One

**A.      Conspiracy**

Section 2339B of Title 18 makes it a crime for any person to conspire to commit this offense, that is to provide material support or resources to a foreign terrorist organization, knowing that the foreign terrorist organization is designated by the United States as such or that the terrorist organization had engaged or was engaging in terrorist activity or terrorism. I have instructed you on what it means to conspire to commit an offense. Those same instructions apply to Count One.

**B.      Elements of the Offense.**

In order to sustain its burden of proof for the crime of conspiring to provide material support and resources to a foreign terrorist organization, the government must prove the following essential elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to provide material support or resources to a designated foreign terrorist organization;

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it;

Third, the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

Fourth, the offense occurred (1) in whole or in part within the United States; or, (2) after the conduct required for the offense occurred, the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States.

37

INSTRUCTION NO. 30

<u>Provide – Defined</u>

The term "provide" means to make available, furnish or supply.

INSTRUCTION NO. 31

Designated Foreign Terrorist Organization and Terrorist Activity and Terrorism

As explained above, you must find beyond a reasonable doubt that the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

The term "foreign terrorist organization" has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law. I instruct you as a matter of law that ISIL has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated under a previous name -- "al-Qaeda in Iraq" -- by the Secretary of State on October 15, 2004. I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing, among others: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), and Daesh.

The term "terrorist activity" includes any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

## INSTRUCTION NO. 32

### Material Support or Resources Defined

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

INSTRUCTION NO. 33

Provision of Personnel Defined

No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

No person may be prosecuted under this section in connection with the term "personnel", "training", or "expert advice or assistance" if the provision of that material support or resources to a foreign terrorist organization was approved by the Secretary of State with the concurrence of the Attorney General. The Secretary of State may not approve the provision of any material support that may be used to carry out terrorist activity (as defined in section 212(a)(3)(B)(iii) of the Immigration and Nationality Act).

INSTRUCTION NO. 34

Nature of the Offense - Count Two

Beginning in at least December 2015, and continuing thereafter up to and including March 14, 2016, in an offense committed outside the jurisdiction of any particular State or district of the United States, the defendant MOHAMAD JAMAL KHWEIS, a United States citizen who last resided in Fairfax County, Virginia, and who was first brought to and found in the Eastern District of Virginia, did knowingly provide, and attempt to provide, "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to wit, personnel and services, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the United States Secretary of State as a foreign terrorist organization, knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism.

(In violation of Title 18, United States Code, Section 2339B.)


Superseding Indictment.

42

INSTRUCTION NO. 35

Elements of the Offense – Count Two

**A.      Commission and Attempt**

Section 2339B of Title 18 makes it a crime for any person to commit this offense, that is to provide material support or resources to a foreign terrorist organization, knowing that the foreign terrorist organization is designated by the United States as such or that the terrorist organization had engaged or was engaging in terrorist activity or terrorism, or to attempt to commit this offense.  If you find beyond a reasonable doubt that the government has proven the elements necessary for the completed crime, or the attempted crime, you may find the defendant guilty of Count 2.  If, however, you find that the government has proved beyond a reasonable doubt each of the elements for the commission of Count Two, explained below, you should find the defendant guilty on that count, and there is no need for you to consider the question of attempting to do so.  I have instructed you on the terms "provide," "foreign terrorist organization," "terrorist activity," "terrorism," "material support or resources," and "provision of personnel."   Those same instructions apply to Count Two.

**B.      Commission of the Offense -- Elements.**

In order to sustain its burden of proof for the crime of providing material support and resources to a foreign terrorist organization, the government must prove the following essential elements beyond a reasonable doubt:

First, the defendant knowingly provided material support or resources to a foreign terrorist organization;

43

Second, the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and,

Third, the offense occurred (1) in whole or in part within the United States; or, (2) after the conduct required for the offense occurred, the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States.

**C.      Attempt to Commit the Offense – Elements.**

First, the defendant knowingly and intentionally attempted to provide material support or resources to a designated foreign terrorist organization;

Second, the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and,

Third, the attempt occurred (1) in whole or in part within the United States; or, (2) after the conduct required for the offense occurred, the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States.

In order to find the defendant guilty of an attempted provision of material support to a foreign terrorist organization, you must find that the defendant intended to commit the crime and that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt. You must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step towards the commission of that crime.

44

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime. A defendant may be convicted of an attempt even where significant steps necessary to carry out the substantive crime are not completed.

INSTRUCTION NO. 36

Nature of the Offense - Count Three

From on or about December 2015, to on or about March 14, 2016, within the extraterritorial jurisdiction of the United States, the defendant MOHAMAD JAMAL KHWEIS did knowingly and unlawfully use and carry firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit, conspiracy to provide material support to ISIL, as set forth in Count One of this Superseding Indictment, and he did possess firearms in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit, conspiracy to provide material support to ISIL, as set forth in Count One of this Superseding Indictment.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

Superseding Indictment.

46

INSTRUCTION NO. 37

Statute Defining Offense - Count Three

Title 18, United States Code, Section 924(c)(1)(A), provides in pertinent part, that:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or a drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, brandishes a firearm or discharges a firearm [shall be punished].

Title 18, United States Code, Section 924(c)(1)(A).

47

INSTRUCTION NO. 38

Elements of the Offense - Count Three

### A. Elements of the Offense

Title 18, United Sates Code, Section 924(c)(1) makes it a crime either to (1) use or carry a firearm during and in relation to a crime of violence, or (2) to possess a firearm in furtherance of a crime of violence.  In other words, for you to find the defendant guilty, the United States must prove beyond a reasonable doubt that he (1) used or carried a firearm during and in relation to a crime of violence, or (2) possessed a firearm in furtherance of a crime of violence.  The elements for each crime are:

(1) Use or carry/during and in relation

First, that the defendant used or carried a firearm; and,

Second, that the defendant did so during and in relation to a crime of violence which may be prosecuted in a federal court, to wit: conspiracy to provide material support or resources to a foreign terrorist organization as explained to you in Count One.

OR

(2) Possess/Furtherance

First, the defendant possessed a firearm;

Second, that the defendant did so in furtherance of a crime of violence which may be prosecuted in a federal court, to wit conspiracy to provide material support to a foreign terrorist organization, as explained to you in Count One.

### B. Definitions

i.      "Pinkerton Co-Conspirator Liability." A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the

48

offense was committed and if the offense was committed in furtherance of the conspiracy.  For example, if you have first found the defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, other conspirators committed the offense in Count Three in furtherance of that conspiracy, then you may find the defendant guilty of Count Three, even though the defendant may not have participated in any of the acts which constitute the offense described in Count Three.

ii.      "Firearm." The term "firearm" includes (A) any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.

iii.    "crime of violence."  A "crime of violence" means any felony that has an element of the use or threatened use of physical force against the person or property of another or which, by its nature, involves a substantial risk that physical force may be used in the commission of the offense.  I instruct you that as a matter of law the offense charged in Count One of the Superseding Indictment is a crime of violence. [924(c)(3)(A-B)]

iv.      "Use."  To "use" a firearm means active employment, which includes brandishing displaying, bartering striking with, and firing or attempting to fire a firearm.

v.      "Carry."  To "carry" requires knowing possession and movement, conveying, transporting, or bearing the firearm in some manner.

vi.      "In relation to."  A firearm is carried "in relation to" a crime of violence if it has some purpose or effect with respect to the crime and if its presence was not the result of accident or coincidence.  The firearm must facilitate, or potentially facilitate the crime.

vii.     "Possession." "Possession", as that term is used in this case, may be of two kinds: actual possession and constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.  Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.  You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

viii.     In furtherance of.  The statutory term "furtherance" should be given its plain meaning.  According to the dictionary, "furtherance" means "[t]he act furthering, advancing, or helping forward."  Webster's II New College Dictionary 454 (1999).  Therefore, the government is required to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a crime of violence.  However, whether the firearm served such a purpose is ultimately a factual question.  When making this factual determination, you, the fact finder, are free to consider the numerous ways in which a firearm might further or advance a crime of violence.

Adapted from the jury instructions in *United States v. Mohamed Ali Said*, 757 F. Supp. 2d 554 (E.D. Va. 2010); *United States v. Naser Jason Abdo*, 733 F.3d 562 (5th Cir.), *cert. denied*, 134 S.Ct. 1760, 188 L.Ed.2d 596. *See also* 2A O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* Section 39.18 (6th ed. updated through Aug. 2014) (setting forth model instruction as to section 924(c)(1)(A) offense and collecting pattern instructions from various circuits); *United States v. Lomax*, 293 F.3d 701, 705–706 (4th Cir.), *cert. denied*, 537 U.S. 1031  (2002); *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985), *appeal after remand*, 820 F.2d 1107 (9th Cir.1987).  For definition of "possession," *see* 2B O'Malley, Grenig and Lee, *Federal Jury*

*Practice and Instructions,* § 64.08 (5th ed. 2000); for definition of "firearm," see 18 U.S.C. § 921(a)(3); for definition of "furtherance," *see* Webster's II New College Dictionary 454 (1999).

Pinkerton Instruction from (Pattern Crim. Jury Instr. 5th Cir. § 2.22 (2001) (modified to conform with Fourth Circuit law regarding requirements of *Pinkerton* liability); *Pinkerton v. United States*, 328 U.S. 640 (1946); United States v. Morrow, 177 F.3d 272, 293 (5th Cir. 1999);  United States v. Aramony, 88 F.3d 1369, 1380-81 (4th Cir. 1996); United States v. Chorman, 910 F.2d 102, 110-11 (4th Cir. 1990).)

JURY INSTRUCTION NO. 39

Verdict - Election of Foreperson - Duty to Deliberate - Unanimity -
 Punishment- Form of Verdict - Communication With the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any

52

intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form for the verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 21.01 (5th ed. 2000).

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1-16-CR-143 |
| v. | ) | |
| | ) | |
| MOHAMAD JAMAL KHWEIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT FORM**

### **Count One**
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

We, the jury, unanimously find the defendant, MOHAMAD JAMAL KHWEIS,

_____ as charged in Count One of the Superseding Indictment.
   **(Guilty or Not Guilty)**

### **Count Two**
(Providing, or Attempting to Provide, Material Support to a Foreign Terrorist Organization)

We, the jury, unanimously find the defendant, MOHAMAD JAMAL KHWEIS,

_____ as charged in Count Two of the Superseding Indictment.
   **(Guilty or Not Guilty)**

### **Count Three**
(Firearm Offense)

We, the jury, unanimously find the defendant, MOHAMAD JAMAL KHWEIS,

_____ as charged in Count Three of the Superseding Indictment.
   **(Guilty or Not Guilty)**

So, Say We All, this \_\_\_ day of June, 2017.

_____
FOREPERSON

54

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____          By: _____/s/_____
Dennis M. Fitzpatrick              Raj Parekh, Trial Attorney
Assistant United States Attorney   U.S. Department of Justice
United States Attorney's Office    Counterterrorism Section
Eastern District of Virginia       National Security Division
2100 Jamieson Avenue               950 Pennsylvania Ave., N.W.
Alexandria, Virginia 22314         Washington, D.C. 20530
Phone: (703) 299-3700              Phone: (202) 616-2428
dennis.fitzpatrick@usdoj.gov       raj.parekh@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2017, I filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send an electronic copy to all counsel of record in

this matter.

By: _____/s/_____
Dennis M. Fitzpatrick
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700

55