IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:16CR143 |
| ) | |
| MOHAMAD JAMAL KHWEIS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION AND**
**NOTICE OF FORFEITURE HEARING**

PLEASE TAKE NOTICE that on Friday, July 28, 2017 at 9:00 a.m. or as soon thereafter as counsel may be heard, defendant, Mohamad Khweis, will contest the Government's motion for a preliminary order of forfeiture of the 20,000 Iraqi Dinar; (Gov. Ex. 18); 285 Turkish Lira (Gov. Ex. 19); and $4,151.00 United States dollars (Gov. Ex. 20) (collectively "the currency"). ECF No. 207.[1] This currency was not proceeds of unlawful activity, and was not used, or intended to be used, for unlawful activity. It was lawfully-earned currency taken into, and then out of, Syria and Iraq. Thus, the Government will not be able to prove the requisite nexus – a substantial connection – between the property and the offense, even by a preponderance of the evidence. *See* Fed. R. Crim. P. 32.2(b); 18 U.S.C.S. § 983(c)(3).

As the Government notes in its filing, pursuant to 18 U.S.C. § 981(a)(1)(G) the following property is subject to forfeiture:

All assets, foreign or domestic—

---

[1] The Defendant concedes forfeiture of the sim cards and cell phones.

>(i) of any individual, entity, or organization engaged in planning or perpetrating any [any] Federal crime of terrorism (as defined in section 2332b(g)(5) [18 USCS § 2332b(g)(5)]) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;
>
>(ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in section 2332b(g)(5) [18 USCS § 2332b(g)(5)][)] against the United States, citizens or residents of the United States, or their property;
>
>(iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332b(g)(5) [18 USCS § 2332b(g)(5)]) against the United States, citizens or residents of the United States, or their property; or
>
>(iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in section 2331 [18 USCS § 2331]) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 4309(b)) or against any foreign Government [government]. Where the property sought for forfeiture is located beyond the territorial boundaries of the United States, an act in furtherance of such planning or perpetration must have occurred within the jurisdiction of the United States.

*See* ECF No. 207 at 3.

With respect to clauses (ii) and (iii), the currency does not meet the standards. The currency is not proceeds of the offense, it does not constitute assets acquired or maintained for the purposes of supporting, planning, or conducting a federal terrorism crime, it is not derived from, involved in, used, or intended to be used to commit a federal terrorism crime. The funds that *were* used in this case were already spent. The currency that left Iraq with Mr. Khweis, however, was not intended to be used to commit a federal terrorism crime. If he had intended it to be used to support ISIS, he would have left it in ISIS territory. Furthermore, it is unknown whether the jury convicted Mr. Khweis of the

substantive offense or attempt, and if the conviction was based on attempt, any expenditures during his travel would be irrelevant.

      To the extent the Government relies on clauses (i) and (iv) of 981(a)(1)(G), "all assets of a person engaged in planning or perpetrating an action of international terrorism," this portion of the statute is unconstitutionally broad and vague, violating due process. It essentially permits the Government to take *any* asset, related or unrelated to the offense, of an individual who commits a federal terrorism offense. This cannot be the law. *See Leonard v. Texas*, 137 S. Ct. 847, 848 (2017) ("This system—where police can seize property with limited judicial oversight and retain it for their own use—has led to egregious and well-chronicled abuses….I am skeptical that this historical practice is capable of sustaining, as a constitutional matter, the contours of modern practice….") (Thomas, J. concurring); *United States v. James Daniel Good Real Property*, 510 U. S. 43, 56-57, 114 S. Ct. 492, (1993) (Thomas, J., concurring in part and dissenting in part) ("historical forfeiture laws were narrower in most respects than modern ones."); *see also* 18 U.S.C.S. § 983(c)(3) ("if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.").

WHEREFORE, for the above reasons, the defendant, Mohamad Khweis, opposes the forfeiture of currency and notices a hearing for July 28, 2017 at 9:00 a.m.

> Respectfully submitted,
> MOHAMAD KHWEIS
> By Counsel
>
> _____/s/_____
> Jessica N. Carmichael, Esq.
> Virginia Bar No. 78339
> HARRIS & CARMICHAEL, PLLC
> 1800 Diagonal Road, Suite 600
> Alexandria, Virginia 22314
> (703) 684-7908
> jcarmichael@harriscarmichael.com
>
> _____/s/_____
> John K. Zwerling, Esq.
> Virginia Bar No. 8201
> ZWERLING/CITRONBERG, PLLC
> 114 N. Alfred Street
> Alexandria, VA 22314
> 703-684-8000
> 703-684-9700 (F)
> Email: jz@zwerling.com

## CERTIFICATE OF SERVICE

      I, hereby certify, that on the 2nd day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:

Dennis Fitzpatrick, Esq.
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3954
Email: dennis.fitzpatrick@usdoj.gov

Raj Parekh, Esq.
US Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: raj.parekh@usdoj.gov

                                        _____/s/_____
                                      Jessica N. Carmichael, Esq.