IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:16-cr-143 |
| ) | Hon. Liam O'Grady |
| MOHAMAD JAMAL KHWEIS, ) | |
| ) | |
| *Defendant.* ) | |

## PRELIMINARY ORDER OF FORFEITURE

Having read and considered the Government's Motion for Preliminary Order of Forfeiture, and having reviewed the evidence of record, this Court finds that the United States is entitled to a Preliminary Order of Forfeiture. Consequently,

IT IS ORDERED pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (G), 21 U.S.C § 853, and Federal Rule of Criminal Procedure 32.2(b) that Mohamad Jamal Khweis ("the defendant"), shall forfeit to the United States all of his rights, title and interest in the below-described items, all of which were admitted into evidence during trial, because this Court finds that the government has proved by a preponderance of evidence that the requisite statutory nexus exists between Counts One and Two of the Superseding Indictment, of which the defendant was found guilty in this Court by a jury on June 7, 2017, and the following property seized from the defendant in connection with his capture in Northern Iraq on March 14, 2016: 1 SIM card (Gov. Ex. 9); 1 8GB Micro SD card (Gov. Ex. 10); iPhone 4S (Gov. Ex. 11); Samsung Duos mobile phone (Gov. Ex. 11A); BLU brand mobile phone (Gov. Ex. 12); 1 Avea SIM card (Gov. Ex. 13); 1 Micro SIM card (Gov. Ex. 14); 20,000 Iraqi Dinar; (Gov. Ex. 18); 285 Turkish Lira (Gov. Ex. 19); and $4,151.00 United States dollars (Gov. Ex. 20) (collectively, "the Assets").

IT IS FURTHER ORDERED pursuant to Rule 32.2(b)(4)(A) that this Preliminary Order of Forfeiture shall become final to the defendant at the time of his sentencing, or before sentencing if the defendant consents, and it shall be made part of the sentence and included in the judgment against him. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2). Regardless, this Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS FURTHER ORDERED pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) that the Attorney General or his designee shall seize the Assets.

IT IS FURTHER ORDERED that the United States may commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order. The United States shall publish notice of the applicable part of this Order and its intent to dispose of the Assets in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Assets. Any person, other than the defendant, who asserts a legal interest in one or more of the Assets may, within thirty (30) days of the final publication of notice, or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest and for an amendment to this Order pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1).

IT IS FURTHER ORDERED that any petition filed by a third party asserting an interest in one or more of the Assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of petitioner's right, title, or interest in the Asset, and any additional facts supporting the petitioner's claim and the relief sought. After disposition of any

motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

IT IS FURTHER ORDERED that the United States shall have clear title to the Assets following the Court's disposition of all third party interests or, if none, following expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing third party claims.

Entered this 1st day of Aug, 2017.

_____
THE HON. LIAM O'GRADY
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
cc: All counsel