**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:16CR143** |
| | ) | |
| **MOHAMAD JAMAL KHWEIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR NEW TRIAL UNDER RULE 33
BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW the Defendant, Mohamad Jamal Khweis, ("Mr. Khweis") by

counsel, and respectfully moves this Honorable Court pursuant to Fed. R. Crim. P. 33 for

a new trial based on newly discovered evidence. In support of this request, Mr. Khweis

states as follows.

**BACKGROUND**

Mr. Khweis was convicted at a jury trial of conspiring to provide material support

or resources to the Islamic State ("ISIS") in violation of 18 U.S.C. § 2339B (Count One);

providing material support or resources to ISIS, also in violation of 18 U.S.C. § 2339B

(Count Two); and possessing, using and carrying firearms in violation of 18 U.S.C. §

924(c)(1)(A) (Count Three). The Government's primary piece of independent evidence

against Mr. Khweis was a purported ISIS document recovered in Mosul, Iraq that

included Mr. Khweis' name, biographical information, and listed his "current mission" as

"fighter." *See* Gov. Ex. Gov. Ex. 30A-B (identifying the document as "Training Camp

Roster.").

Mr. Khweis objected to the admission of this exhibit on multiple grounds, including authenticity and hearsay, and at all times Mr. Khweis has maintained he did not sign up or travel to ISIS territory to join ISIS or to be a fighter. *See* T.T. at 236-37, 281-84. Nevertheless, the Government persisted in its characterization of Mr. Khweis as a fighter throughout trial. *See* T.T. at 105-06, 241, 243-44, 321, 500, 561 ("…eventually he would be a fighter for ISIS."), 562 ("….eventually he would receive military training and become a fighter…."), 567 ("…he would be a fighter after he received training."), 626, 739 ("…he and other ISIS fighters…"), 733, 807-808, 814, 1227-28, 1235 ("…you have me listed as a fighter on this form. When am I going to get that military training?"), 1236-37 ("…you have documentary evidence which states that his current mission is a fighter."), 1246-47.

In fact, the Government drove this point home in closing argument stating, "…conveniently, you might hear an argument that there is a line that says: Current Mission. Fighter. But no, that wasn't the defendant's mission, that was just put there by ISIS. He doesn't know how that got there. Everything else on the form, ladies and gentlemen, matches the defendant's information." T.T. at 1228. Ultimately, the Government prevailed in this argument and the jury convicted Mr. Khweis. This document was the single most damaging piece of evidence in undermining Mr. Khweis' position that he was not there to provide support or be a fighter for ISIS.

On October 2, 2017, defense counsel was notified that shortly before June 7, 2017, the United States Government obtained another purported ISIS document. This document was also in Arabic, and translated for counsel. Counsel inspected the relevant portions of this document on October 5, 2017 and October 17, 2017. The document is a

list similar to the roster the Government presented at trial.  It contains names and

biographical details, including (mostly correct) information of Mr. Khweis.  However,

this document contains one critical difference from the document presented at trial.  The

column titled "remarks" or "notes," is blank for Mr. Khweis.  Entries for some other

individuals on the document are also blank, but some have the notation "fighter" or other

notations in this column.  Additionally, the origin of these entries are subsequent to the

document admitted at trial.

**ARGUMENT**

## I.     Legal Standard

Fed. R. Crim. P. 33 provides for a new trial based on newly discovered evidence.

When determining whether to grant a new trial, the Court must consider five factors:

(1) the evidence is newly discovered;

(2) the defendant exercised due diligence;

(3) the newly discovered evidence is not merely cumulative or impeaching;

(4) the evidence is material; and

(5) the evidence would probably result in acquittal at a new trial.

*United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013); *United States v. Robinson*,

627 F.3d 941, 948 (4th Cir. 2010).

In *United States v. Blackwell*, No. 5:12-CR-201-1F, 2013 U.S. Dist. LEXIS

173420 (E.D.N.C. Dec. 11, 2013), the District Court granted a new trial based on newly

discovered evidence.  There, during trial, a cooperating witness indicated that another

individual, Richardson, accompanied him to the trailer each time he purchased cocaine

from the defendant, Blackwell.  *Id.* Post-trial, Richardson came forward and testified

under oath that he never purchased cocaine from Blackwell and never accompanied the cooperating witness to the trailer. *Id.* In granting a new trial, the District Court found that the new evidence "goes to the heart" of Blackwell's guilt or innocence as it directly contradicts the testimony of the sole witness who personally observed Blackwell allegedly distributing drugs. *Id.* at \*36.

## II. Analysis

Like *Blackwell,* the newly discovered evidence satisfies all five factors, and "goes to the heart" of Mr. Khweis' guilt or innocence.

(1) The evidence is newly discovered. The defense did not have knowledge of this evidence prior to trial. *See Blackwell,* 2013 U.S. Dist. LEXIS at \*26 (citing *United States v. Lawhorne*, 29 F. Supp. 2d 292, 304 (E.D. Va. 1998)).

(2) The defendant exercised due diligence. Without disclosing privileged information, counsel can submit that the defense team thoroughly investigated this case prior to trial. *See United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001) (noting that facts must be alleged from which the Court may infer diligence on the part of the movant.). Counsel could not be expected – and it is unlikely that the Government would argue that counsel should have been able – to acquire alleged documentary evidence from the Islamic State. Therefore, in spite of all measures taken by the defense team to investigate this matter, it is unlikely that counsel would have been able to locate this document through its own investigation prior to trial.

(3) The newly discovered evidence is not merely cumulative or impeaching. For evidence to be cumulative for purposes of Rule 33, "it must be additional evidence to that which was presented at trial as to a fact." *United States v. Fenn*, No. 1:12cr510 (JCC),

2014 U.S. Dist. LEXIS 46939, at *9 (E.D. Va. Apr. 3, 2014)(citations omitted). On

impeachment, "evidence that is merely impeaching typically 'involve[s] . . . unrelated

[matters], with issues that [have] no bearing on those at [the defendant's] trial.'"

*Blackwell,* 2013 U.S. Dist. LEXIS at *35 (citing *United States v. Custis*, 988 F.2d 1355,

1359-60 (4th Cir. 1993)). In this case, the new evidence is neither cumulative nor

impeachment. It is not cumulative because it does not *add* to a fact presented at trial, it

directly *contradicts* a fact presented at trial. The newly discovered evidence is not

merely impeachment because it is not evidence of an unrelated matter challenging the

credibility of a witness. Instead, it is documentary evidence that directly contradicts the

document presented by the Government, and argued as a main point in the Government's

case.

  (4) and (5) The evidence is material, and would probably result in acquittal at a

new trial. *See id.* at *39 (combining factors four and five because "[i]f the evidence is

such that it would likely produce an acquittal at a new trial, then it is obviously

material."). Mr. Khweis never disputed the fact that he traveled to ISIS-held territory.

Instead, his entire defense was that he lacked the intent to provide support to ISIS when

he made his journey. The Government's primary argument against this was the

document labeling Mr. Khweis as a "fighter" for ISIS. The Government repeatedly

referred to it throughout its case-in-chief, and argued that Mr. Khweis was in training to

be a fighter for ISIS. *See* T.T. at 105-06, 241, 243-44, 321, 500, 561-62, 567, 626, 739,

733, 807-808, 814, 1227-28, 1235, 1236-37, 1246-47. This new evidence calls the

document into question, and significantly undermines the Government's argument that

Mr. Khweis signed up, or was training, to be a fighter.

Not only is the lack of the fighter designation critical, the timing of these entries is also significant. The document the Government introduced at trial was dated January 2016, shortly after Mr. Khweis first entered ISIS territory.  The Government then argued that during the following months Mr. Khweis was in preparation for military training. These new entries, however, are subsequent to the January 2016 document.  They are during the period in which the Government argued Mr. Khweis was in preparation for military training, and they noticeably omit the fighter designation.  Thus, the new evidence makes it much more likely that a jury would have found for Mr. Khweis in determining that his intent was never to fight for or support ISIS.  At the very least the this new document creates reasonable doubt as to Mr. Khweis' intent, and therefore, the jury would have likely acquitted Mr. Khweis.

This new evidence undercuts the Government's *Pinkerton* argument in particular. The Government argued Count Three under a *Pinkerton* theory.  The Government argued that Mr. Khweis was at a safe house with firearms, with "fighters coming in from the field, leaving to go to the field."  T.T. 1285.  Essentially, the Government used the document admitted at trial to argue that Mr. Khweis was a fighter conspiring with other fighters and they were criminally responsible for each other's actions.  This new evidence contradicts that claim.  In this new evidence, Mr. Khweis' initial classification (by an unknown individual) is withdrawn.  Mr. Khweis was ultimately not assigned a role as a fighter, nor any role at all.  Thus, the *Pinkerton* theory is now weak because the concert of action, the unity of purpose, between these actors is now far more questionable. The new documents call into question, the notion that Mr. Khweis was a "fighter." The jury likely would have found that Mr. Khweis ultimately had no role, did not intend to provide

any support to ISIS, and would not have been held responsible for Count Three under

*Pinkerton.*

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Mr. Khweis respectfully requests that

the Court grant a new trial pursuant to Fed. R. Crim. P. 33 based on newly discovered

evidence.

Respectfully submitted,
MOHAMAD KHWEIS
By Counsel


_____/s/_____
Jessica N. Carmichael, Esq.
Virginia Bar No. 78339
HARRIS CARMICHAEL & ELLIS, PLLC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
(703) 684-7908
jcarmichael@harriscarmichael.com


_____/s/_____
John K. Zwerling, Esq.
Virginia Bar No. 8201
ZWERLING/CITRONBERG, PLLC
114 N. Alfred Street
Alexandria, VA 22314
703-684-8000
jz@zwerling.com

## CERTIFICATE OF SERVICE

I, hereby certify, that on the 19th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and all parties to this action:

Dennis Fitzpatrick, Esq.
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3954
Email: dennis.fitzpatrick@usdoj.gov

Raj Parekh, Esq.
US Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: raj.parekh@usdoj.gov


_____/s/_____
Jessica N. Carmichael, Esq.